FILED
AUG - 8 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DISTRICT OF COLUMBIA ~~CIRCUIT COURT~~ USDC

KELVIN ANDERSON, #16924-076,
F.C.I. - Memphis
PO B 34550
Memphis, TN 38184        Plaintiff,

vs.

FEDERAL BUREAU OF PRISONS
(Federal Prison Industries),
                Respondent,

Complaint

CASE NUMBER 1:06CV01402
JUDGE: Henry H. Kennedy
DECK TYPE: Pro se General Civil
DATE STAMP: 08/08/2006

A FEDERAL PRISONER'S REQUEST FOR THE ENTRY OF A DECLARATORY JUDGMENT

Comes Now Kelvin Anderson, Plaintiff, who is a federal prisoner presently incarcerated within the Federal Correctinal Institution which is located at P.O. Box 34550, Memphis, Tenn. 38184.

Mr. Anderson is presenting this request without the assistance from counsel and further attaches his Motion for Leave to Proceed In Forma Pauperis. GROUNDS and REASONS for this Request are as follows:

1. Mr. Anderson has exhausted his Administrative remedies prior to the presentation of this request. (see: attached copies of the entire Inmate Grievance procedures)

2. Mr. Anderson has established a viable claim that his termination from the Prison Industries employment assignment was excessive in relationship to his conduct.

3. The Inmate Grievance procedure has not been honored and is not receiving a complete and un-biased evaluation by Bureau of Prisons personnel.

4. Mr. Anderson presents the following sworn affidavit as an offer of proof to support his excessive termination claim.

RECEIVED
JUL 21 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

County of Shelby    )
                    )   ss
State of Tennessee  )

## SWORN AND NOTARIZED AFFIDAVIT OF KELVIN ANDERSON

I have been incarcerated as a federal prisoner for many years. I have never received a mis-conduct violation through-out my entire incareration.

On the 21st day of May, 2002, I was hired by the Prison Industries under the "Trade" name of UNICOR. I diligently worked my way up the "pay Scale" from the lowest level pay (Level 5) up to the highest possible pay scale (Level 1). All in all, I was gainfully employed by UNICOR for (41) months.

During the entire (41) months I have never received a written or verbal warning concerning poor work performance. Indeed, the opposite has occurred, because on April/May of 2005 I received a bonus compensation in conjunction with a paid-day off.

There is no meritorious reason for terminating my employment from UNICOR. My Work Records and File do not reflect one single violation of work-related mis-conduct. In the past and present, if a prisoner performs less than satisfactory, the usual sanction is some form of pay reduction. THERE HAS NEVER BEEN AN OUT-AND-OUT TERMINATION WITHIN THE UNICOR DEPARTMENT HERE IN MEMPHIS. If a termination ever occurrs, it is usual for mis-conduct violations.

The "Reason" provided by the UNICOR personnel appears to be a facade. I had been employed and under the supervision of (4) previous UNICOR foreman. My relationship with those foreman was exemplary. However, the last foreman, a Mr. Martin, was recently hired. Our relationship was not exemplary, but I did not think it was hostile.

Although it may be difficult to prove, but I believe that Mr. Martin does not share my strong Christian beliefs. I do not swear, nor use "Gods" name in vain. I have been known to <u>respectfully</u> ask persons who I maintain a daily contact with to refrain from swearing or using "Gods" name in vain. On the other hand, Mr. Martin is more of a "Mans man". He speaks openly and sometimes abrasively as his inner character allows. Thus, our different creeds or dogmas may have caused a rift in our compatability. However, such a minor difference should not have had an enfluence on our working relationship.

All in all, I can not see any justifiable reason for my termination from UNICOR. My monthly pay scale dropped from $214.00 a month to my present rate of pay. Moreover, I was also paying-off 50% of my pay towards the $17,000.00 Restitution Order which was part of the Judgment and Sentence I received for the offense I committed. I am respectfully requesting Injunctive Relief from the Court because the inmate grievance procedure has become more of a "joke" than an administrative remedy.

Kelvin P. Anderson<br>
Kelvin Anderson #16924-076

Subscribed and Sworn to before
me this 17th day of July, 2006

Notary Public

[Notary seal: STACY J. WILLIAMS, NOTARY PUBLIC AT LARGE, SHELBY COUNTY, TN]

5. Plaintiff's request for Injunctive Relief is as follows:

A. Re-instatement to UNICOR assignment.

B. ORDER the Respondent to return the difference in pay scale, or an ORDER to pay lost wages in accordance to the following facts.

A(1). Plaintiff was receiving $214.00 per month at time of termination.

B(2). For the first two months (November & December of 2005) the Plain- was unassigned and did not receive any pay whatsoever.

$$\text{November, 2005} = \$214.00$$
$$\text{December, 2005} = \$214.00$$

B(3). Plaintiff was assigned to a yard detail and received $5.25 per Mo.

$$\text{January, 2006} = \$5.25$$
$$\text{February, 2006} = \$5.25$$
$$\text{March, 2006} = \$5.25$$
$$\text{April, 2006} = \$5.25$$

B(4). Plaintiff received a pay raise up to $16.80.

$$\text{April, 2006} = \$16.80$$
$$\text{May, 2006} = \$16.80$$
$$\text{June, 2006} = \$16.80$$
$$\text{July, 2006} = \$16.80$$

Amount of pay if still employed by UNICOR = $2,145.10.

Amount of pay received after termination = $88.20.

Amount owed to Plaintiff by subtracting the $88.20 from the $2,145.10 becomes a total of $2,066.90 that is owed as back pay.

## TOTAL INJUNCTIVE RELIEF REQUESTED

Plaintiff respectfully requests that he be re-assigned to UNICOR at the same pay rate that he had been receiving at the time of his termination. To enter a Declaratory Judgment stating that his term-

ination from UNICOR did not rise to the level of a justifiable sanction, and to further ORDER that back pay be reinstated in the amount of $2,066.90.

Respectfully Requested,


Kelvin Anderson #16924-076
F.C.I. - Memphis
P.O. Box 34550
Memphis, Tenn.  38184


Certificate of Service:

A copy of this Request for Declaratory Judgment has been mailed this 18TH day of July, 2006 to:   Federal Bureau of Prisons
                                                                                                    Central Office
                                                                                                    320 First St. N.W.
                                                                                                    Washington, D.C.  20534

                                                                                       also to:

                                                                                                    Chief Operating Officer
                                                                                                    Federal Prison Industries, Inc.
                                                                                                    320 First St. N.W.
                                                                                                    Washington, D.C.  20534

Certificate of Mailing:

The Original plus (3) copies, along with a request to proceed in forma pauperis, has been mailed this 18TH day of July, 2006 to:

Clerk of the Court
District of Columbia Circuit Court
E. Barrett Prettyman U.S. Courthouse
333 Constitution Ave.
Washington, D.C.  20001-2866

Administrative Remedy No. 396657-A1
Part B-Response

This is in response to your Central Office Administrative Remedy Appeal in which you request to be reinstated to your job in UNICOR.

Our review reveals that the Warden and Regional Director adequately responded to the issues you raised in your appeal. As noted on September 30, 2005, you were verbally counseled about two assemblies going to the Quality Assurance Department which were short by twelve inches and one assembly not having continuity on one of the contacts. Upon further investigation, you have challenged the authority of your Supervisor. Per Program Statement 8120.02, Inmate Worker Standards, you should obey and cooperate fully with the work supervisor by successfully completing assigned tasks in the manner prescribed. You were then appropriately terminated for failing to meet performance standards. There is no evidence to support your claim that you were unfairly terminated. You received adequate warning, and had adequate opportunity to improve your performance prior to your termination. Accordingly, your appeal is denied.

March 29, 2006
_____
Date

_____
Harrell Watts, Administrator
National Inmate Appeals

06 1402

FILED
AUG - 8 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Administrative Remedy Regional Appeal
Part B - Response

Date Filed : December 19, 2005                                      Remedy ID No: 396657-R1

You appeal the Warden's response to your request for administrative remedy. You believe your rights to due process were violated when you were terminated from your position in the UNICOR factory at FCI Memphis. Specifically, you believe you were not given adequate warning of poor performance prior to being terminated. You request to be re-instated into your former position.

Investigation into this matter reveals the Warden's response sufficiently addresses your complaint. Prior to being terminated, you were verbally counseled on several occasions concerning poor performance. Specifically, you were warned about not performing process checks correctly. Following these warnings, you allowed parts that were clearly faulty to pass through Quality Assurance. You were then appropriately terminated for failing to meet performance standards. There is no evidence to support your claim that you were unfairly terminated. You received adequate warning, and had adequate opportunity to improve you performance prior to your termination.

Your appeal of the Warden's response is denied. If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the General Counsel's office within 30 days from the date of this response.

JAN 1 9 2006
Date

K. M. White, Regional Director
Mid-Atlantic Regional Office

INMATE MAIL NO EVALOPE

**FEDERAL CORRECTIONAL INSTITUTION, MEMPHIS, TENNESSEE**
**PART B-RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY**
**REMEDY #396657-F1**

**Anderson, Kelvin**
**REG. NO. 16924-076**

This is in response to your request for Administrative Remedy regarding your termination from employment from UNICOR. You request to be reinstated to your job in the UNICOR factory.

On September 30, 2005, you were verbally counseled about two assemblies going to the Quality Assurance Department which were short by twelve inches and one assembly not having continuity on one of the contacts. Upon further investigation, it was found that since your current foreman has been assigned to the area which you were assigned, you have challenged his authority as a Production Supervisor. Per Program Statement 8120.02, Inmate Worker Standards, you should obey and cooperate fully with the work supervisor by successfully completing assigned tasks in the manner prescribed. You are to also meet all established production standards. This type of behavior can not be tolerated.

Based on the above information provided in the response, your Request for Administrative Remedy is denied.

If you are not satisfied with this decision, you may appeal to the Regional Director at Bureau of Prisons, Mid-Atlantic Regional Office, 10010 Junction Drive, Suite 100-N, Annapolis Junction, Maryland 20701. Your appeal must be received in the Mid-Atlantic Regional Office within 20 days of this response.

_Claude Maye_                                                      12/5/05
Bruce Pearson, Warden                                              Date

for: