UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KELVIN ANDERSON,             )
                                 )
                Plaintiff,    )
                                 )
               v.          ) Civil Action No. 06-1402 HHK
                                 )
UNITED STATES BUREAU     )
 OF PRISONS,            )
                                 )
               Defendant.    )
_____)

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, defendant the United States Bureau of Prisons, through counsel, hereby moves to dismiss the complaint because this Court lacks subject matter jurisdiction over the case, in that there is no waiver of sovereign immunity on the part of the United States that permits the relief sought in the complaint.  It follows that the complaint should be dismissed.

Plaintiff should take notice that this is a motion to dismiss, not a motion for summary judgment.  Defendant relies on the allegations of plaintiff's complaint as the basis for the motion to dismiss.  Attached hereto is a draft order reflecting the requested relief.

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

```
                    /s/
FRED E. HAYNES,  D.C. Bar #165654
Assistant United States Attorney
555 Fourth Street, N.W., Rm. E-4110
Washington, D.C.  20530
(202) 514-7201
```

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KELVIN ANDERSON,            )
                           )
            Plaintiff,      )
                           )
        v.                 ) Civil Action No. 06-1402 HHK
                           )
UNITED STATES BUREAU       )
 OF PRISONS,               )
                           )
            Defendant.     )
_____)

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THE MOTION TO DISMISS

    Plaintiff, a federal prisoner, seeks a declaration,
presumably pursuant to the Declaratory Judgment Act, 28 U.S.C. §§
2201 and 2202, that the Bureau of Prisons ("BOP") improperly
terminated him from his prison industry's job in 2005.  He also
seeks backpay.  As we explain, there is no waiver of sovereign
immunity that permits this law suit to proceed.  It should,
therefore, be dismissed under Fed. R. Civ. P. 12(b)(1) for lack
of subject matter jurisdiction.

    In ruling on this motion to dismiss under Fed. R. Civ. P.
12(b)(1), the Court should accept as true all of the factual
allegations contained in the complaint.  See Toolasprashad v.
Bureau of Prisons, 286 F.3d 576, 580 (D.C. Cir. 2002).  These
allegations are that plaintiff was a good worker and that the
reason he was terminated from his job, alleged unsatisfactory
performance, was untrue.  Rather, he believes that a personality
conflict with his supervisor may have motivated his termination.

Sovereign immunity bars all suits against the United States except those suits permitted by the explicit terms of a statutory waiver of that immunity.  Lane v. Pena, 518 U.S. 187, 192 (1996). The complaint does not identify any statutory waiver of sovereign immunity; it does, as noted above, seek declaratory relief.  The Declaratory Judgment Act, however, creates a remedy; it is not a waiver of sovereign immunity as to the United States.  Balistieri v. United States, 303 F.2d 617 (7th Cir. 1962); Tashimi v. Administrative Office of the United States Courts, 719 F.Supp. 881, 887, affirmed 967 F.2d 1264 (9th Cir. 1989).  It follows that plaintiff has failed to identify in the complaint any statute that would provide a waiver of sovereign immunity that would permit the case to proceed against the BOP.

Since plaintiff is proceeding pro se, it is useful to consider whether there are any statutory waivers of sovereign immunity that would permit the action to continue against the federal defendant.  One such common waiver, the Administrative Procedure Act, does not apply to decisions made by the BOP in connection with the imprisonment of an individual.  18 U.S.C. § 3625 ("The provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter [Sub- chapter C – Imprisonment].")); Martin v. Gerlinski, 133 F.3d 1076 (8th Cir. 1998) (BOP's rules and regulations are reviewable under

-2-

the Administrative Procedure Act but not the agency's adjudicative decisions).

Because plaintiff is challenging the accuracy of the BOP's decision discharging him from his prison industry's job, a decision that is presumably reflected in a document in his prison records, it is also useful to consider whether the Privacy Act, which generally permits challenges to the accuracy of agency records, applies to plaintiff's action. In this regard, it must be noted that the attachments to the complaint establish that the agency's decision at issue in this case was made in 2005.

The Privacy Act requires, <u>inter alia</u>, that agencies maintain their records "with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. § 552a(e)(5); <u>Sellers v. Bureau of Prisons</u>, 959 F.2d 307, 312 (D.C. Cir. 1992). The Privacy Act provides both administrative and civil remedies for violations of its provisions. Under § 552a(d)(2), for instance, an individual may request that an agency administratively amend records he claims are inaccurate. Under § 552a(g)(1)(C), an individual may bring a civil action if an agency's failure to maintain accurate records results in a determination adverse to him, but may collect damages under § 552a(g)(4) only if the agency's conduct was willful or intentional. <u>Sellers</u>, 959 F.2d at 312. Injunctive relief is not available. <u>Risley v. Hawk</u>, 108

-3-

F.3d 1396, 1397 (D.C. Cir. 1997).

As a law enforcement agency, the BOP may be exempted from certain provisions of the Privacy Act.  See 5 U.S.C. § 552a(j)(2).  In 1987, the Department of Justice published a regulation exempting the BOP from the amendment provision of the Privacy Act, 5 U.S.C. §552a(d)(2).  See 28 C.F.R. § 16.85 (1987); Risley v. Hawk, 108 F.3d 1396, 1397 (D.C. Cir. 1997).  Courts in this Circuit held that, because the BOP had not been exempted from the accuracy provision of the Privacy Act, the BOP remained subject to civil actions under subsection (g)(1)(C) of the Act. See Sellers, 959 F.2d at 309 (allowing civil action against BOP because "regulations governing the BOP and U.S. Parole Commission do not exempt those agencies' records from section (e)(5) of the Act"); see also Deters v. U.S. Parole Comm'n, 85 F.3d 655, 657 (D.C. Cir. 1996) ("Subsection (g)(1)(C) provides a civil remedy if an agency fails to satisfy the standard in subsection (e)(5)").

In 2002, however, the Department of Justice published a regulation exempting certain types of the BOP's record systems from the accuracy provision of the Privacy Act, § 552a(e)(5). See 28 C.F.R. § 16.97.  Among the record systems newly exempted was the BOP's Inmate Central Records System.  Plaintiff has not alleged, and there is no reason to believe, that the records at issue in this case do not fall within the exempted categories.

-4-

The new regulation went into effect on August 9, 2002.  It applies, therefore, to plaintiff's action and precludes his use of the Privacy Act to obtain a remedy.

Finally, it should be noted that plaintiff, as a prisoner working for the Federal Prison Industries, is not an employee for the purposes of Title VII of the Civil Rights Act of 1964, and he, therefore, is not eligible for relief under that statute. Wade v. California Department of Corrections, 171 Fed. Appx 601 (9th Cir. 2006), citing Burleson v. State of California, 83 F.3d 311, 313-14 (9th Cir. 1996).  Plaintiff also does not have a constitutionally-protected liberty or property interest in a Federal Prison Industries job assignment.  James v. Quinlan, 866 F.2d 627, 639-39 (3d Cir. 1989).

Based upon the foregoing, defendant requests that the motion to dismiss be granted, in that plaintiff has failed to identify a waiver of the sovereign immunity of the United States that would permit this case to proceed.

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney
        /s/
FRED E. HAYNES,  D.C. Bar #165654
Assistant United States Attorney
555 Fourth Street, N.W., Rm. E-4110
Washington, D.C.  20530
(202) 514-7201

-5-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KELVIN ANDERSON,                )
                               )
            Plaintiff,          )
                               )
        v.                      ) Civil Action No. 06-1402 HHK
                               )
UNITED STATES BUREAU            )
 OF PRISONS,                    )
                               )
            Defendant.          )
_____)

<u>ORDER</u>

Upon consideration of the motion to dismiss filed by defendant and the entire record of this case, it is hereby

ORDERED that this case is dismissed for lack of subject matter jurisdiction.  This is a final, appealable order.


                        UNITED STATES DISTRICT JUDGE

Copies to the pro se plaintiff
and to counsel for defendant

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of November, 2006, a copy of the foregoing motion to dismiss was served by first-class mail, postage prepaid, on:

Kelvin Anderson
#16924-076
Memphis F.C.I.
POB 34550
Memphis, TN 38184

/s/
FRED E. HAYNES, D.C. Bar #165654
Assistant United States Attorney
555 Fourth Street, N.W., Rm. E-4110
Washington, D.C.  20530
(202) 514-7201

-7-