UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED

DEC - 8 2006

CHAMBERS OF
JUDGE KENNEDY

KEVIN ANDERSON,

     Plaintiff,

v.

                                Civil Action No:    06-1402 HHK

UNITED STATES BUREAU OF PRISONS
(Federal Prison Industries),

     Defendant,

PLAINTIFF'S REQUEST FOR LEAVE OF COURT TO ALLOW A RESPONSE TO THE
DEFENDANT'S MOTION TO DISMISS

    Comes Now Kevin Anderson, Plaintiff acting without the assistance
of Counsel, respectfully requests Leave to Respond as follows:

    1.  The Plaintiff believes that he has a justiciable claim for
relief.  He apologizes for his failure to include specific federal
statutory citations within his request for Declaratory Judgment.  He
opined that since he was a federal prisoner who had exhausted his
Administrative Remedies under the Grievance system, then a federal
question has been rasied because the Grievance system is approved
under the Federal Code Regulations governing federal agencies.

    2.  The Plaintiff believes that his lack of specifically refer-
ring to 28 USC § 1331 which allows for the hearing of claims brought
under the Administrative Procedure Act § 702 for challenging agency
actions, should be excused.

    3.  Plaintiff further believes that there is no private right
of action that he could pursue against the Federal Prison Industries.
Admittingly, Plaintiff does not fully understand the exact legal
relationship between the U.S. Bureau of Prisons and the Federal Prison

*[Handwritten in left margin: Leave to file GRANTED / Henry H. Kennedy, Jr. / United States District Judge / 12/20/06]*

Industries.  However, there appears to be an atypical relationship
where the U.S. Bureau of Prisons and the U.S. Attorney's Office pro-
vide litigation services as a protective shield.  In any manner the
U.S. Bureau of Prisons is an agency with the meaning of the amended
§ 1331 of 1976 which allowed for general jurisdiction for review of
agency decisions. See:  Califano v Sanders, 51 L.Ed.2d 192 (1977).

4.  Plaintiff believes that the U.S. Bureau of Prisons has entered
into an implied waiver of sovereign immunity by formulating a "grievance
sytem" under the authority and application of the Federal Code Regula-
tions.  Thus, and after a federal prisoner exchausts his Administrative
Remedies, Judicial Review should not be precluded. under

5.  Once the U.S. Bureau of Prisons allows for a profit-making
corporation (federal prison industries) the opportunity to utilize
federal prisoners as "labor" to facilitate and maintain a substantial
monetary gain, Judicial review of these two agencies hiring and firing
actions should not be shielded under an elusive body of law.

WHEREFORE, Plaintiff respectfully requests the Court to accept
this Response and to further deny the Defendant's Motion to Dismiss
and to enter a ruling that the Court does have jurisdiction pursuant
to 28 USC § 1331 to hear claims brought under the Administrative Pro-
cedure Act § 702 challenging the Federal Prisons Industries from
terminating his employment status without justifiable cause.

Respectfully Requested,

Kevin Anderson #16924-076
F.C.I. - Memphis
P.O. Box 34550
Memphis, Tenn.  38184

Certificate of Service:  A copy of this Request was mailed this 29TH
day of ____NOV._____,2006 to:  Fred E. Haynes, AUSA, 555 Fourth St.
                                 N.W., Rm: E-4110, Washington, D.C.