UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KELVIN ANDERSON,<br><br>    Plaintiff,<br><br>        v.<br><br>FEDERAL BUREAU OF PRISONS,<br><br>    Defendant. | Civil Action No. 06-01402 (HHK) |

## MEMORANDUM OPINION

Plaintiff, an inmate proceeding *pro se*, is currently incarcerated at the Federal Correctional Institution in Memphis, Tennessee ("FCI-Memphis"). He brings this action alleging that the Federal Bureau of Prisons ("BOP") unlawfully terminated his work program with UNICOR, a BOP program that provides work and training opportunities for federal inmates. *See* 28 C.F.R. § 345.11(a). Plaintiff believes that his termination came about because "[his supervisor] does not share my strong Christian beliefs." Compl. at 2. Plaintiff seeks a declaration that his termination was unlawful, reinstatement to his position, and back pay. *Id.* at 4-5.

Contending that this court does not have subject matter jurisdiction, BOP moves to dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure [# 8]. Upon consideration of the motion, the opposition thereto, and the record of this case, the court concludes that the motion must be granted.

I

BOP moves to dismiss this case on the grounds that plaintiff has failed to identify any statutory waiver of sovereign immunity. BOP points out that sovereign immunity is a jurisdictional issue and is a doctrine that operates to bar any suit against the United States, its agencies, and federal employees in their official capacities, except where there has been a statutory waiver. *United States v. Mitchell*, 445 U.S. 535, 538 (1980).

Opposing BOP's motion, plaintiff states his "[belief] that the U.S. Bureau of Prison has entered into an implied waiver of sovereign immunity by formulating a 'grievance system' under the authority and application of the Federal Code Regulations (sic)," Opp'n. at 2, and asserts that the Administrative Procedure Act ("APA") provides a basis for challenging his termination. *Id.* Plaintiff's argument must be rejected. His assertion that the establishment of a grievance system by BOP amounts to an "implied waiver of sovereign immunity" is no more than *ipsit dixit*–it is because I say it is–and is not supported by any authority of which this court is aware. Furthermore, the assertion that BOP has impliedly waived sovereign immunity is entirely inconsistent with the settled principle that the United States and its agencies are immune from suit absent its *explicit* consent to be sued. *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981); *Kugel v. United States*, 947 F.2d 1504, 1506 (D.C. Cir. 1991) (emphasis supplied). Finally, and perhaps most telling, the APA itself indicates that it does not provide a basis for suit against BOP for a determination of the kind plaintiff challenges here. The APA does "not apply to the making of any determination, decision, or order under [the] subchapter" governing imprisonment. 18 U.S.C. § 3625.

## II.

For the above stated reasons, defendant's motion to dismiss will be granted because this court does not have subject matter jurisdiction of this action.[1]  An appropriate order accompanies this memorandum.

Henry H. Kennedy, Jr.
United States District Judge

Dated: September 17, 2007

---

[1] The claims of inmates regarding UNICOR employment have been dismissed by courts on the basis of Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  *See Bode v. Federal Prison Indus., Inc.*, No. 90-5216, 1991 WL 100736, at *1 (D.C. Cir. May 31, 1991) (per curiam); *Webber v. Bureau of Prisons*, No. 03-193, 2005 WL 230151, at *3 (N.D. Tex. Feb. 1, 2005), *aff'd on other grounds*, 198 Fed. Appx. 406 (5th Cir. 2005); *Jones v. United States Dep't of Justice*, No. 02-M-2056, 2003 WL 24303731, at *3 (D. Colo. Sept. 22, 2003); *Johnstone v. United States*, 980 F.Supp. 148, 151 (E.D. Pa. 1997); *Johnson v. Quinlan*, No. 88-3100, 1989 WL 43874, at *1 (D.D.C. Apr. 28, 1989).