UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KELVIN ANDERSON,              )
                              )
          Plaintiff,          )
                              )
     v.                       ) Civil Action No. 06-1402 HHK
                              )
UNITED STATES BUREAU          )
 OF PRISONS,                  )
                              )
          Defendant.          )
_____)

MOTION FOR LEAVE TO FILE THE LODGED
MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION
FOR RECONSIDERATION OF THE COURT'S DECISION

Pursuant to Rule 6(b)(2) of the Federal Rules of Civil Procedure, defendant asks the Court to direct the Clerk to file defendant's lodged memorandum in opposition to plaintiff's motion for reconsideration of the Court's decision finding no waiver of sovereign immunity that would permit the case to go forward. During a review of his assigned cases, undersigned counsel (Fred E. Haynes) primarily responsible for this case for defendant noted that he had inadvertently not filed a response to the motion for reconsideration.  Because of the difficulties in contacting federal prisoners, undersigned counsel has not attempted to contact plaintiff's position on this motion, and it should be noted that under Local Civil Rule 7 there is no duty to confer with incarcerated pro se plaintiffs.

The question of whether attorney error may constitute "excusable neglect" is within the discretion of the district court.  <u>In re: Vitamins Antitrust Class</u>, 327 F.3rd 1207 (D.C. Cir. 2003) (upholding district court decision that counsel's neglect in failing to timely opt out of the class settlement was

excusable). The Supreme Court addressed the meaning of "excusable neglect" in <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380 (1993). The Court set forth factors to consider when determining what kind of neglect will be considered excusable. These include: (1) the danger of prejudice to the party opposing modification, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. <u>Id.</u> At 395.

   This Circuit has refused to adopt "a per se rule that garden variety attorney inattention can never constitute excusable neglect." <u>In re: Vitamins Antitrust Class</u>, 327 F.3d at 1210 (recognizing that "some of our sister circuits have suggested that certain types of attorney neglect can never constitute excusable neglect" and declining to adopt such a per se rule). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect'...is a somewhat 'elastic concept' and is not limited to omissions caused by circumstances beyond the control of the movant." <u>Pioneer Inv. Servs. Co.</u>, 507 U.S. at 1496. Discussing the <u>Pioneer</u> factors, the Court of Appeals in <u>In re Vitimans Antitrust Class</u>, upheld the district court's decision that counsel's neglect in failing to timely opt out of the class settlement was excusable. The district court found that defendant would not be substantially

prejudiced by plaintiff's untimely opt-out; that the length of the delay was short and would not impact judicial proceedings; and that there was no indication that the plaintiff had acted in bad faith. The court also found that the reason for the delay was within Plaintiff's reasonable control but that the other factors outweighed the impact of this finding.

In <u>Yesudian v. Howard Univ.</u>, 270 F.3d 969 (D.C. Cir. 2001), the Court of Appeals affirmed the district court's enlargement of time for a litigant to make a filing notwithstanding the lack of any explanation respecting "excusable neglect" or a motion specifically requesting such relief. In <u>Yesudian</u>, the one week delay was caused by mistaken reliance on local rather than federal rules. The Court of Appeals noted that there was a lack of any prejudice to plaintiff, that the delay was brief and as for the error, "[f]oolish as this may have been, there is no suggestion of bad faith." <u>Yesudian</u>, 270 F.3d 971.[1]

Here, there has been no prejudice to plaintiff by the delay in filing defendant's memorandum in opposition, and the delay has had no adverse impact on the case and did not involve any bad faith. Consequently, this motion should be granted.

> Respectfully submitted,
>
> JEFFREY A. TAYLOR, D.C. Bar #498610
> United States Attorney

---

[1] In addition, the district court noted the general preference for resolving cases on the merits. <u>Yesudian</u>, 270 F.3d 971.

3

```
                    RUDOLPH CONTRERAS, D.C. Bar #434122
                    Assistant United States Attorney
                              /s/
                    FRED E. HAYNES,  D.C. Bar #165654
                    Assistant United States Attorney
                    555 Fourth Street, N.W., Rm. E-4110
                    Washington, D.C.  20530
                    (202) 514-7201
```

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KELVIN ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-1402 HHK |
| | ) |
| UNITED STATES BUREAU OF PRISONS, | ) |
| | ) |
| Defendant. | ) |

ORDER

Upon consideration of defendant's motion for leave to file the lodged memorandum in opposition to plaintiff's motion for reconsideration of the Court's decision in this case, it is hereby

ORDERED that defendant's motion is granted; and it is further

ORDERED that the Clerk is directed to file the lodged memorandum.

UNITED STATES DISTRICT JUDGE

Copies to the pro se plaintiff
and to counsel for defendant

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of January, 2008, a copy of the foregoing motion for leave to file the lodged memorandum in opposition to plaintiff's motion for reconsideration of the Court's decision was served by first-class mail, postage prepaid, on:

>Mr. Kelvin Anderson
>#16924-076
>Memphis F.C.I.
>POB 34550
>Memphis, TN 38184

>/s/
>FRED E. HAYNES, D.C. Bar #165654
>Assistant United States Attorney
>555 Fourth Street, N.W., Rm. E-4110
>Washington, D.C.  20530
>(202) 514-7201